# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

Darnell Khan, #330148,         )    Civil Action No.  9:15-4585-BHH-BM
                                        )
             Plaintiff,    )
                                          )
v.                               )    **REPORT AND**
                                        )    **RECOMMENDATION**
Bryan P. Stirling, Director of SCDC and  )
Cecilia Reynolds, Warden of Lee      )
Correctional Institution,             )
                                        )
             Defendants.    )
_____)

        This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants while he was housed in administrative segregation.

        The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on November 21, 2016.  As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on November 30, 2016, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response.  Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. However, notwithstanding the specific instructions and warning as set forth in the Court's Roseboro Order, Plaintiff has failed to file any response to the Defendants' motion for summary judgment, or



1

indeed to contact the Court in any way.

The Defendants' motion is now before the Court for disposition.[1]

### Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the Defendants' motion and the docket of this case, the undersigned finds and concludes for the reasons set forth hereinbelow that the Defendants are entitled to summary judgment.

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



First, this case should be dismissed for failure to prosecute under Rule 41(b), Fed.R.Civ.P., as Plaintiff meets all of the criteria for dismissal under Chandler Leasing Corp. . Lopez, 669 F.2d 929 (4th Cir. 1982).[2]  Accordingly, this case should be dismissed for lack of prosecution. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Rule 41(b), Fed.R.Civ.P.; see also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].[3]

Additionally, even if this case is not dismissed for failure to prosecute, Defendants are entitled to summary judgment on the merits.  Plaintiff alleges in his verified complaint that on or about September 1, 2015 he put in a request to receive a catalogue, which was refused due to SCDC Policy PS-10.08, Section 9. 1.  Plaintiff was attached a copy of what purports to be this policy to his Complaint as Exhibit C, with the text of Section 9.1 reading as follows:

> Inmates may receive single copies of publications from a publisher or publications supplier, to include bookstores, if paid for in advance by the inmate or by a family member or friend.  Publications must be sent directly to the inmate from a publisher

---

[2]He is personally responsible for proceeding in a dilatory fashion, the Defendants are suffering prejudice due to having to expend time and resources on a case in which the Plaintiff is unresponsive, and no sanctions other than dismissal appear to exist as the Plaintiff is indigent (and therefore not subject to monetary sanctions) and he has otherwise failed to respond to Court filings despite Court orders requiring him to do so.  Lopez, 669 F.2d at 920.

[3]After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed.R.Civ.P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order.  See Simpson v. Welch, 900 F.2d 33, 35-36 (4th Cir.1990); see also Ballard, 882 F.2d at 95-96 [holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion].



or publications supplier (to include bookstores). **(Note: Inmates in SMU[4] may not receive any publications, to include newspapers and magazines, while in SMU. Publications will be returned as outlined in Agency Policy/Procedure OP-22.03, "Authorized Inmate Property and Disposition." Newspapers and magazines will be disposed of.)** (emphasis in original).

Plaintiff alleges that he submitted a Request to Staff Member form on September 2, 2015 inquiring about what publications he was allowed to receive, and was advised that he was not allowed to receive any publications through the mail or property while in lockup. See also, Plaintiff's attached Exhibit A to his Complaint (Request to Staff form). Plaintiff alleges that this policy violates his First and Eighth Amendment rights, as well as his rights under the Religious Land Use and Institutional Person Act (RLUIPA).[5] Plaintiff alleges that he grieved this issue through the prison grievance system, but failed to obtain any relief. Plaintiff alleges that the Defendant Stirling (Director of the SCDC) is the one responsible for all policies within the SCDC, including the policy at issue in this lawsuit, and that the Defendant Reynolds (Warden of the Lee Correctional Institution, where Plaintiff was being held)[6] is liable in this action because she denied his grievance relating to this claim. Plaintiff seeks monetary damages against the Defendants, as well as injunctive and/or declaratory relief allowing inmates in segregation to receive reading material through the mail or prison library. See generally, Plaintiff's Verified Complaint, with attached Exhibits.

---

[4]Special Management Unit.

[5]Plaintiff also makes the general and conclusory statement in his Complaint that "[u]pon information and belief its been years since any inmate receive reading material through the prison library." See also Court Docket No. 26. However, Plaintiff cannot represent the interests of other inmates; Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)[a prisoner cannot act as a "knight-errant" for other prisoners]; and in any event he has provided no evidence to support this assertion.

[6]Plaintiff has, since the filing of this action, been transferred to the Lieber Correctional Institution. See Court Docket No. 32 (Change of Address Notice).



In their motion, Defendants assert entitlement to summary judgment on several grounds, with the main ground being that courts have routinely upheld restrictions on inmate access to reading materials while they are incarcerated in administrative segregation. With respect to this issue, Defendants have submitted an affidavit from Jessica Edmond, Agency Mailroom Coordinator with the SCDC, who attests that areas within SCDC facilities which were previously referred to as "SMU" or "Special Management Unit" are now referred to as "RHU" (Restrictive Housing Unit),[7] and that inmates housed in the RHU are not entitled to receive any publications to include newspapers and magazines while they are housed in the RHU. Edmond has attached a copy of SCDC Policy PS-10.08 ("Inmate Correspondence Privileges"), Section 9.1, to her affidavit, and attests that this version (which differs slightly from the document Plaintiff attached to his Complaint) was the version in effect on September 1, 2015. This version of Section 9.1 reads as follows:

> Inmates may receive single copies of publications from a publisher or publications supplier, to include bookstores, if paid for in advance by the inmate or by a family member or friend. Publications must be sent directly to the inmate from a publisher or publications supplier (to include bookstores). A legitimate invoice on business stationary/letterhead must be enclosed with the publication(s). (Note: Inmates in an Intake status or SMU may not receive any publications, to include newspapers and magazines, while they are house in an Intake status or SMU, per SCDC Policy OP-22.12, "Special Management Unit." Publications will be disposed of as outlined in SCDC Policy OP-22.03, "Authorized Inmate Property and Disposition.").

See generally, Edmond Affidavit, with attached Exhibit.

The Defendant Sylvia Reynolds has also provided an affidavit wherein she attests that she is the Warden at the Lee Correctional Institution, that on or about September 1, 2015 Plaintiff was housed in the Restricted Housing Unit of the Lee Correctional Institution, that pursuant to SCDC

---

[7]It is noted that the response to Plaintiff's Request to Staff exhibit references the "RHU" rather than the "SMU" as being Plaintiff's segregation status. See Plaintiff's Exhibit A (attached to his Complaint).



Policy PS-10.08, inmates may not receive any publications while housed in the RHU, and that as such Plaintiff's request for publications on or about September 1, 2015 was denied.  See generally, Reynolds Affidavit,.

As Defendants correctly note, although prisoners do retain some First Amendment rights; see Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Witherow v. Paff, 52 F.3d 264, 265 (7th Cir. 1995)[Prisoners enjoy a First Amendment right to send and receive mail]; restrictions on the receipt of magazines and other publications by prisoners, as well as restrictions on the receipt of photographs, are routinely upheld when the policies at issue are reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987) ["...when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penalogical interests"]; cf. Lasure v. Gore, No. 08-320, 2009 WL 1748718, at * 7 (D.S.C. June19, 2009).  As further noted by the Defendants in their brief, numerous court rulings have upheld restrictions on inmate access to reading materials while in administrative segregation.  See, e.g., Corey v. Reich, No. 02-2801, 2004 WL 3090234 at *8 (D.S.C. 2004) (upholding SCDC restriction on inmate's ability to receive magazines, books, and other materials while in maximum security unit) ["It is clear in the caselaw that courts afford deference to prison officials in the administration of prisons, particularly when, as here, the inmate being dealt with is an inmate in administrative segregation or "lock-up"]; Wiles v. Ozmint, No. 05-2111, 2006 WL 2260136 at *10 (D.S.C. 2006) [prohibition on the receipt by mail of magazines, newspapers and books in the Maximum Security Unit, (also referred to as MSU), and restriction on photographs being allowed in MSU cell, held constitutional]  citing Gregory v. Auger, 768 F.2d 287, 290 (8th Cir. 1985) ["restrictions on certain types of correspondence, including junk mail, newspapers and magazines serve a legitimate



penological objective of deterrence of future infractions of prison rules."]; Williams v. Ozmint, No. 07-2409, 2008 WL 4372986 at *5-6 (D.S.C. 2008) [SCDC policy limiting access to books, magazines and photographs for inmates in the MSU constitutional].

       The undersigned agrees that Plaintiff has failed to show a constitutional deprivation with respect to this policy. Plaintiff does not have an unrestricted right to receive catalogues or other publications while in administrative segregation. Cf. Vasquez v. Frank, No. 05-528, 2005 WL 2740894 at *12 (W.D.Wisc. 2005) ["[R]estrictions on a[n] inmate's receipt of...photographs as part of an incentive program were reasonably related to the prison's legitimate interest in promoting good behavior"], aff'd in part, vacated in part (on other grounds), 2006 WL 3623044 (7th Cir. Dec. 13, 2006); Ramirez v. McCaughtry, No. 04-335, 2005 WL 2010173 (W.D.Wisc. 2005) [upholding policy that restricted access to newspapers, magazines, and photographs to inmates in segregation as part of an incentive system for good behavior]; see also Incumaa v. Ozmint, C/A No. 0:03-2776-22BD; Beard v. Banks, 548 U.S. 521 (2006) [system of suspension of privileges valid means of attempting to control behavior]; Daigre v. Maggio, 719 F.2d 1310, 1313 (5th Cir. 1983)["To promote the important government interest in maintaining discipline, officials must have available sanctions that impose incremental disadvantages on those already in prison. Left free to write to anyone in the world and to receive literature of any kind, a prisoner might find punitive isolation desirable, offering solitude and leisure as an alternative to the ordinary conditions of prison work and life. Thus, a narrower restriction on first amendment interests would likely prove ineffective in maintaining discipline"]; Gregory, 768 F.2d at 290 [restrictions on certain types of correspondence, including junk mail, newspapers and magazines serve a legitimate penological objective of "deterrence of future infractions of prison rules"]; Savko v. Rollins, 749 F.Supp. 1403, 1409 (D.Md. 1990) [Limitation on



7

the amount of in-cell religious reading material contained in prison regulation is constitutional under Turner standards]; In re Long Term Administrative Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 469 (4th Cir. 1999) ["Prison officials 'should be accorded wide-ranging deference in adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security'"] (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979)).  As noted, Plaintiff has offered no evidence, or even argument, in opposition to the Defendants' motion for summary judgment on this claim - he did not even responded to the Defendants' motion for summary judgment.[8]   Therefore, Plaintiff's First Amendment/Eighth Amendment claim is without merit.

Additionally, Defendants also assert that they are entitled to qualified immunity for Plaintiff's constitutional claims in any event, and the undersigned agrees.  The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the Court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

Additionally, the Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a government official from liability for civil monetary

---

[8]Although Plaintiff has offered no evidence or argument in response to the Defendants' motion for summary judgment, he did submit a verified Complaint.  In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).  Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



> damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818. "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level but at the level of its application to the specific conduct being challenged." Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992). Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir. 1992) . . . As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993, 995 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995).

The question thus becomes whether, considering the facts and evidence in the light most favorable to the Plaintiff, there is a genuine issue of fact as to whether any Defendants' conduct violated a clearly establish statutory or constitutional right of which a reasonable person would have known.

Based on the case law previously cited, in particular those cases which have previously upheld restrictions on inmates' receipt of publications and photographs in the SCDC prison system; see Smith-El v. Steward, 33 Fed.Appx. 712, 717 (6th Cir. 2002)["Because a reasonable officer in [Defendant's] position had no reason to believe that the [mail] policy violated clearly established law, he is entitled to qualified immunity."]; Lavado v. Keohane, 992 F.2d 601, 607-608 (6th Cir. 1993); the undersigned concludes that the conduct at issue did not violate a clearly established statutory or constitutional right of which a reasonable person would have known. Wiley, 14 F.3d at 995 ["[I]f there is a 'legitimate question' as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity"]. Therefore, to the extent the Defendants seek summary judgment for any claims for monetary damages being asserted by the Plaintiff due to their enforcement of the polices set forth in Plaintiff's Complaint, the Defendants are entitled to qualified immunity from damages on those claims.

9



Finally, even if considered as a claim under the RLUIPA, Plaintiff has again failed to present any evidence sufficient to establish a genuine issue of fact so as to survive summary judgment. The RLUIPA provides that no government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution unless the government demonstrates that imposition of the burden on that person 1) is in furtherance of a compelling governmental interest, and 2) is the least restrictive means of furthering that compelling governmental interest. See 2 U.S.C. § 2000cc-1(a);[9] see also Sossamon v. Lone Star State of Texas, 560 F.3d 316, 331-332 (5th Cir. 2009). While the RLUIPA requires a "more searching standard of review than that used for parallel First Amendment claims, strict scrutiny instead of reasonableness"; Wall v. Wade, 741 F.3d 492, 499, n. 10 (4th Cir. 2014) (quoting Loveless v. Lee, 472 F.3d 174, 199 n. 8 (4th Cir. 2006) (internal quotation marks omitted)); Plaintiff's RLUIPA claim here fails for the simple reason that he has failed to set forth anywhere in the allegations of his Complaint how the SCDC policy at issue impacted the exercise of any particular religious beliefs he has, or imposed a substantial burden on Plaintiff's exercise of his religious rights. See also Cutter v. Wilkinson, 544 U.S. 709, 720 (2005) [RLUIPA's institutionalized persons provisions was intended to alleviate only "exceptional" burdens on religious exercise].

---

[9]The Defendants correctly note that the RLUIPA does not provide a cause of action against the Defendants for damages. See Wright v. Lassiter, No. 15-6958, 633 Fed. Appx. 150 (4th Cir. Feb. 17, 2016) [Remanding Plaintiff's RLUIPA claim but affirming summary judgment to extent damages were sought]; Haight v. Thompson, 763 F.3d 554, 569-570 (6th Cir. 2014); Stewart v. Beach, 701 F.3d 1322, 1334 (10th Cir. 2012); see also Malik v. Ozmint, No. 07-387, 2008 WL 701517, * 12 (D.S.C. Feb. 13, 2008). However, Plaintiff can pursue his claim under the RLUIPA against the Defendants for injunctive relief. Malik, 2008 WL 701517, at * 13; see also Turner v. Cleveland, No. 15-947, 2016 WL 6997500, at * 15 (M.D.N.C. Nov. 30, 2016) ["the Fourth Circuit has held RLUIPA only authorizes injunctive relief against a state official, whether sued in his/her individual or official capacity"] (citing Wall v. Wade, 741 F.3d 492, 496 n. 5 (4th Cir. 2004)).



### <u>Conclusion</u>

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 12, 2017
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

